IN THE MATTER OF GEORGE W. McLEAN, RECEIVER OF TAXES, RESPONDENT, v. JOHN H. JEPHSON, APPELLANT.

*Assessors — what facts give them jurisdiction to impose an assessment upon which a personal tax is to be laid — when their determination cannot be attacked in a collateral proceeding.*

Upon this appeal from an order directing the commitment of the appellant to prison, there to remain until he should pay the amount of a personal tax imposed upon him, it appeared that the appellant sought to establish a want of jurisdiction on the part of the assessors by showing by affidavit, by way of answer to the proceedings instituted against him, that he was a stockholder in, and the vice-president of, a manufacturing corporation created and existing under the laws of the State of New Jersey, whose fabrics were deposited for sale in a wareroom in the city of New York, of which he had charge as the agent of the company.

*Held*, that as the fact that the fabrics were in the possession and charge of the appellant at a place of business in the city of New York, while undisputed and unexplained, would justify the inference that he was their owner and engaged in carrying on the business, it gave the assessors jurisdiction over the appellant and that the appellant was not at liberty to attack their determination of that question by the proof offered in this proceeding.

APPEAL from an order made at the New York Special Term directing the commitment of the appellant to prison, there to remain until he should pay the amount imposed upon him as a personal tax.

*Douglass & Minton*, for the appellant.

*John J. Townsend, Jr.*, for the respondent.

DANIELS, J.:

The tax, amounting to the sum of $112.50, was assessed against the appellant for personal property under the authority of section 1, chapter 37 of the Laws of 1855. The proceedings for the assessment and confirmation of the tax appear to have been regularly taken and carried on until they were consummated by a confirmation rendering the payment of the tax obligatory upon the appellant, if jurisdiction was acquired by the assessors and the other officers before whom they were taken. The appellant denied this jurisdiction upon an affidavit made in the first instance by way of answer to the proceedings taken for his punishment. In this affidavit it was shown that he was a stockholder in, and vice-president of, a manufacturing corporation, created and existing under the laws of the State of New Jersey, whose fabrics were deposited for sale in a wareroom in the city of New York, of which he had charge as the agent of the company. If these facts had been proven before the assessors or the other officers empowered to hear and consider them, it is possible that the tax could not have been imposed upon himself. But they were not, and the officers proceeded upon the facts evident to them, that the fabrics were in the possession of the appellant at a place of business under his charge in the city of New York. From these facts it could be inferred that he was the owner and the person engaged in carrying on the business. And the inference which could be deduced and supported in this manner was sufficient to render him amenable to taxation upon the personal property in his possession under the act referred to, as long as he was in fact a resident of the State of New Jersey. Undisputed, these facts sustain the proceedings which were taken to assess and impose the tax, and they accordingly gave the officers jurisdiction over the appellant for this purpose under the language of the statute. And having that jurisdiction and complying as the facts did with the requirements of the law in the proceedings which were taken, they became conclusive against the appellant when assailed in the manner in which it was proposed to affect them by the affidavit read on the hearing of the motion. What should have been done by him, if he desired to object to the legality of the tax, was to have presented proof of the facts mentioned in his affidavit to the assessors themselves or the board of aldermen before

the confirmation of the assessment. And when he failed to do that he deprived himself of the right to object, to the legality of the assessment and the tax, by afterwards making and presenting this proof. The proceedings were in the nature of a judgment recovered against him upon proof warranting the action and decision of the taxing authorities. And after its determination its effect could not be overcome or removed by the proof upon which the appellant relied as an answer to the motion. The order for these reasons was right and it should be affirmed, with ten dollars costs and also disbursements.

BRADY, P. J.; and MACOMBER, J., concurred.

Order affirmed, with ten dollars costs and disbursements.